NEELY *v.* YOUNG.

(Division B. Nov. 27, 1939. Suggestion of Error Overruled Jan. 8, 1940.)

[192 So. 292. No. 33809.]

Thomas J. Tubb, of West Point, for appellant.

Jas. A. Cunningham and F. W. Cunningham, of Boone-ville, and L. A. Smith, Jr., of Holly Springs, for appellee.

882

Argued orally by **T. J. Tubb**, for appellant, and **L. A. Smith, Jr.**, and **Jas. A. Cunningham**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Mrs. Ruby T. Young, Administratrix, brought this suit as plaintiff, on her own behalf and on behalf of her two minor children, against the Neely Construction Company for the wrongful death of her husband, Wayland Young, who was employed by the company on a road project, U. S. Highway No. 78, under construction between Byhalia and Miller, Mississippi, lying in part across Coldwater River bottom, his work being the operation of

what is known as a "speed ace," used in road building. At the time of his death he was earning $5 a day, with overtime part of the time. He was a healthy young man, as is shown by the proof, with a life expectancy of 31 years. This suit was brought on the theory of negligence on the part of the employer in failing to provide a safe system for carrying on the work of constructing the highway. There was proof to show that under the system in use by the construction company the driver of a "speed ace" was required to carry dirt down the side of the road embankment, which in the river bottom was quite steep; whereas the safe method would have been for the "speed ace" to deposit the dirt on the edge of the highway, later to be pushed over the embankment by what is known as a "bulldozer," a machine used in the construction of highways, as the proof shows to push the dirt from the top of the highway down the embankment, without any considerable danger to the driver.

There was proof showing that a number of employes operating "speed aces" had made complaint to the foreman concerning the danger involved in being required to drive the heavy machines down the steep incline, that would go down the embankment at an uncontrollable rate of speed, sometimes turning over; and the trailer attached would also turn over a times.

The deceased, Wayland Young, was operating such a machine down the embankment at the time he was killed, the "speed ace" turning over on him, and crushing him.

There was considerable conflict in the evidence, but there was sufficient proof to cause the jury to believe that the system in use was highly dangerous, and that a safer method could have been provided, which would also have been effective in carrying on the work. The testimony is voluminous, and we deem it unnecessary to go into details.

In our opinion there was sufficient evidence to warrant the jury and court in finding the appellant to have been negligent in having the machines operated in the manner

here disclosed, when a safer and more effective method could have been provided by means of which the employe would not have been subjected to the great hazard of going down the embankment with a heavy machine, loaded with earth.

We have examined the record with care, and the instructions involved, and we do not find any reversible error. No useful purpose will be served by a further statement of facts, and a prolonged discussion of the law, as the decision already rendered seems to dispose of all the questions here presented. Consequently, the judgment of the court below will be affirmed.

Affirmed.